IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:07-CR-00094-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN LYNN LATTAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the "Motion of United States of America to Authorize Payment from Inmate Trust Account," Doc. 67, filed on September 1, 2021. On September 3, 2021, Defendant filed a pro se handwritten Response, Doc. 68, asking the Court to deny the Motion. On September 14, 2021, the Government filed its Reply, Doc. 69.

## I. BACKGROUND

Defendant was convicted of Robbery Affecting Interstate Commerce, Possession of a Firearm during and in Relation to a Crime of Violence, and Possession of Firearm by Felon in violation of 18 U.S.C. §§ 1951, 924(c)(1) and 922(g). On May 29, 2008, the Court imposed a sentence of three hundred sixty months imprisonment and three years of supervised release. The Court also ordered him to pay $4,726.76 in restitution and a $400.00 special assessment. To date, he has paid $225.00 towards the special assessment and $200.00 in restitution. He remains in custody at the Federal Correctional Institution in Pollock, Louisiana. He is scheduled to be released from custody in March 2033. The current balance owing for restitution is $4,526.76.

The United States Attorney's Office recently discovered that Defendant has $5,459.27 in his inmate trust account maintained by the Bureau of Prisons. By the present Motion, the Government seeks an order authorizing the BOP to turn over $4,526.76 of the funds from his inmate trust account to the Clerk of Court as payment toward the outstanding restitution.

## II.     DISCUSSION

The purpose of an inmate trust account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources may deposit funds for the benefit of the inmate into these accounts. 28 C.F.R. § 506.1. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized account. 28 C.F.R. § 540.23.

Pursuant to 18 U.S.C. § 3613, the Government may enforce criminal monetary penalties such as restitution and criminal fines "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law...." 18 U.S.C. §§ 3613(a), (f). The statute also provides that court ordered restitution constitutes a lien in favor of the Government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the Government's lien would attach to Defendant's interest in funds held by the BOP in his inmate trust account. See also 18 U.S.C. § 3613(a) (Government enforces fines and restitution against all non-exempt property and rights to property of the defendant); 18 U.S.C. § 3664(m) (Government may use all available and reasonable means to collect restitution).

The Mandatory Victim Restitution Act ("MVRA") permits the Government to use "all other available and reasonable means" to collect restitution. See 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA authorizes the Court to order payment of restitution upon notice of a material change

in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." See 18 U.S.C. § 3664(k). Specifically, 18 U.S.C. § 3664 (n) provides as follows:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

The Crime Victim Rights Act ("CVRA") affords victims of crime the right to full and timely restitution as provided by law. See 18 U.S.C. § 3771(a)(6). The CVRA also requires the court to ensure that victims are afforded this right, § 3771(b), and that the Government makes its best efforts to assert a victim's right to restitution, § 3771(c).

Defendant argues that he has a "binding contract" with BOP regarding the Inmate Financial Responsibility Program ("IFRP") and should be allowed to continue to make quarterly payments. But Defendant's participation in IFRP does not limit the Government's ability to seek other available funds to pay his restitution. Defendant's judgment provided for payment "to begin immediately." Doc. 32. His restitution judgment is a lien on "all property and rights to property" pursuant to 18 U.S.C. § 3613(c), and the United States is free to use "all other available and reasonable means" to collect restitution. See § 3664(m)(1)(A)(ii). Defendant's participation in the IFRP does not preclude the Government from seeking other non-exempt assets during his period of incarceration. E.g., United States v. Howell, 2017 WL 3301358, *3 (W.D.N.C. Aug. 2, 2017) (denying motion for reconsideration of order granting motion for payment of funds in BOP trust account towards restitution even though defendant participated in IFRP).

Second, Defendant states that he received three stimulus checks under the CARES Act and seems to believe those funds are unavailable to the Government. The MVRA provides that substantial resources received from "any source" during a period of incarceration should be put towards restitution. 18 U.S.C. § 3664(n). These funds are not exempt under § 3613(a), and the Court is unaware of any provision in the CARES Act or American Rescue Plan Act that prohibits the use of stimulus funds to pay restitution or exempts those funds under § 3613(a)(1).

Finally, Defendant argues that he needs the funds in his account because he has little to no financial support. Indigency alone is not a bar to ordering payment of restitution from a trust account. Howell, 2017 WL 3301358, at *3. Moreover, Defendant will have $932.51 remaining in his account. And with his restitution paid in full, he will be able to save his IFRP earnings going forward until his release in 2033.

Upon review of the Government's Motion, the Court concludes that an order authorizing the turnover of these funds is proper here. The funds at issue are in the Government's possession and the Government has a valid lien on them. Further, because the property at issue is cash, it does not fall within any of the exemptions available in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth applicable IRS property exemptions for criminal cases). Accordingly, Defendant cannot claim that the funds held in his inmate trust account are exempt from payment of his criminal penalties.

**IT IS THEREFORE ORDERED** that the "Motion of United States of America to Authorize Payment from Inmate Trust Account," Doc. 67, is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court funds in the amount of $4,526.76

held in Defendant's inmate trust account as payment for the monetary penalties imposed in this case.

The Clerk is directed to send copies of this Order to pro se Defendant, the United States Attorney and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 15, 2021

David S. Cayer
United States Magistrate Judge