**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07-cr-94-MOC-SCR-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN LYNN LATTAKER, | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 106], and Motion for Appointment of Counsel [Doc. 107].

**I.     BACKGROUND**

The Defendant pleaded guilty to two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951; brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and the remaining charges were dismissed. [See Doc. 1: Indictment; Doc. 24: Plea Agreement].  He was sentenced to a total of 360 months' imprisonment, consisting of 240 months' imprisonment for the Hobbs Act robberies, concurrent; 36 months consecutive for the § 922(g) violation; and 84 months consecutive for the § 924(c) violation. [Doc. 32: Judgment].  The Fourth Circuit Court of Appeals affirmed. United States v. Lattaker, 2009 WL 82714 (4th Cir. Jan. 14, 2009).

The Defendant filed a § 2255 Motion to Vacate in 2016[1] [Doc. 47], which the Court

---

[1] The Motion to Vacate is not verified as required by § 2255. The Court declines to require the Defendant to correct the error at this time because the Motion to Vacate would be dismissed even if it were verified.

dismissed and denied. <u>Lattaker v. United States</u>, 2019 WL 4491527 (W.D.N.C. Sept. 18, 2019).

The Defendant subsequently filed Motions seeking sentencing relief, which were unsuccessful. [Docs. 54, 87, 89, 94, 96, 105].

On January 29, 2026, the Defendant filed the instant § 2255 Motion to Vacate. [Doc. 106-2]. He contends that the Court erred by running the § 922(g) sentence consecutively to the § 924(c) sentence which involved the same firearm and course of conduct, and that counsel was ineffective for failing to object. [Doc. 106 at 2-3]. The Defendant asks the Court to vacate the § 922(g) consecutive sentence, to run that sentence concurrently, to appoint counsel for further proceedings, and to grant any other relief the Court deems just and proper. [<u>Id.</u> at 3]. The Defendant argues that his Motion to Vacate is timely based on § 2255(f)(3) and (4) as follows:

> Newly recognized constitutional principles made retroactive on collateral review, including Rehaif v. United States, United States v. Davis, and United States v. Taylor; and [f]acts demonstrating that Movant's sentence exceeds statutory authority and that counsel's failure to object constitutes ineffective assistance. Equitable tolling applies because Movant could not reasonably have raised these claims earlier and because enforcing the time bar would result in a fundamental miscarriage of justice.

[<u>Id.</u>].

The Defendant seeks the appointment of counsel because: the issues are legally and factually complex; sophisticated legal analysis is required, and is beyond Defendant's capabilities; Defendant is currently incarcerated with no access to "full legal research tools," he has limited ability to obtain sentencing exhibits and transcripts, and no legal training; Defendant has presented colorable sentencing and ineffective assistance claims; appointment of counsel will aid the court; and Defendant is indigent. [Doc. 107].

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Here, the Defendant has already filed a § 2255 petition which the Court denied on the merits. [See Doc. 50]. The Defendant does not state that he has received authorization from the Fourth Circuit to file a second or successive § 2255 petition and a review of the Fourth Circuit's

3

docket reveals none. Accordingly, the instant Motion to Vacate is dismissed for lack of jurisdiction. The Defendant's Motion for Appointment of Counsel is denied as moot.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is dismissed for lack of jurisdiction and the Defendant's Motion for Appointment of Counsel is denied as moot.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 106], is **DISMISSED** for lack of jurisdiction.

2. The Defendant's Motion for Appointment of Counsel [Doc. 107] is **DENIED AS MOOT**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.** Signed: February 18, 2026

Max O. Cogburn Jr.
United States District Judge

4